UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**Charles Stanton**

   **v.**                                    Case No. 13-cv-537-PB
                                         Opinion No. 2014 DNH 153
**Harold Lassonde, III, et al.**


**O R D E R**


Charles Stanton was held liable in a state court action for
breach of contract and defamation.  After losing in state court,
he filed this action against the victorious plaintiff and his
attorney.  Although Stanton's theories of liability are
difficult to understand, he appears to argue that the defendants
are liable under 28 U.S.C. §§ 1983 and 1985 because they
conspired with a state court clerk and the state court judge who
presided over his case.  The defendants have moved to dismiss
the complaint for failure to state a claim.  See Fed. R. Civ. P.
12(b)(6).

In deciding a motion to dismiss, I employ a two-step
approach.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1,
12 (1st Cir. 2011).  First, I screen the complaint for
statements that "merely offer legal conclusions couched as fact
or threadbare recitals of the elements of a cause of action."

Id. (citations, internal quotation marks, and alterations
omitted).  A claim consisting of little more than "allegations
that merely parrot the elements of the cause of action" may be
dismissed.  Id.  Second, I credit as true all non-conclusory
factual allegations and the reasonable inferences drawn from
those allegations, and then determine if the claim is plausible.
Id.  The plausibility requirement "simply calls for enough fact
to raise a reasonable expectation that discovery will reveal
evidence" of illegal conduct.  Bell Atl. Corp. v. Twombly, 550
U.S. 544, 556 (2007).  The "make-or-break standard" is that
those allegations and inferences, taken as true, "must state a
plausible, not a merely conceivable, case for relief."
Sepulveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 29
(1st Cir. 2010); see Twombly, 550 U.S. at 555 ("Factual
allegations must be enough to raise a right to relief above the
speculative level . . . .").

Stanton's amended complaint does not come close to
satisfying the Rule 12(b)(6) standard.  Although he bases his
claim on a charge of conspiracy, he pleads no facts to support
his conclusory assertions.  Instead, he points to what he claims
are obviously illegal actions by the state court actors and
argues that the defendants must have joined in the conspiracy
because they were the beneficiaries of the state actors' illegal

actions.   This is simply not sufficient to support a viable

conspiracy claim.

    Defendants' motion to dismiss (Doc. No. 16) is granted.

    SO ORDERED.


                                    /s/Paul Barbadoro
                                    Paul Barbadoro
                                    United States District Judge
July 9, 2014

cc:   Charles Stanton, pro se
      William Saturley, Esq.